# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5488-15T1

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

N.M.,

    Defendant,

and

W.F.,

    Defendant-Appellant.

_____

IN THE MATTER OF S.F., a Minor.

_____

Submitted January 8, 2018 – Decided  August 7, 2018

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Somerset
County, Docket No. FN-18-0129-15.

Joseph E. Krakora, Public Defender, attorney
for appellant (Joan T. Buckley, Designated
Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Lea C. Deguilo, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Rachel E. Seidman, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Following a fact-finding hearing in this Title Nine action initiated by the Division of Child Protection and Permanency, the court found defendant W.F. (father) had physically abused his six-week old daughter (baby or child). After the hearing, the court entered an order of protection, see N.J.S.A. 9:6-8.55, restraining the father from having contact with the child until she turns age eighteen. However, the order also provides:

> [I]f [the father] seeks to modify the order of protection to allow for parenting time, [the father] shall show that he complied with all of the recommendations contained in the risk assessment completed by Dr. Alan Gordon and that there is a change in circumstances.

The father appeals from this order. After reviewing the record and the applicable legal principles, we affirm in part and reverse in part.

During the fact-finding hearing, the uncontroverted testimony provided by one of the baby's treating pediatricians

A-5488-15T1

was that, while under the father's care, the baby sustained a transverse, displaced fracture to her right femur; significant bruising to her buttocks and about her face and eyes; and intracranial bleeding. The doctor stated the injuries were not caused accidentally but by a "physical assault on the child multiple times." The father did not testify or offer any evidence. As stated, the court found the father physically abused his daughter. Specifically, the court found the father committed an act of abuse in violation of N.J.S.A. 9:6-8.21(c)(4)(b). The father does not challenge that finding. He appeals from only the order of protection.

Before the fact-finding hearing, psychologist Alan Gordon, Ed.D., examined the father and discovered he had been diagnosed with bipolar disorder, manic type, with schizophrenic tendencies, for which he was taking medication. Gordon concluded that if the father did not take his medication for these afflictions "the risk toward children would be high." Gordon recommended the father take medication, engage in psychotherapy, and complete parenting skills classes. It is not disputed these recommendations are those to which the order of protection refers.

On appeal, the father contends the order of protection effectively terminates his parental rights to his daughter

without due process, because he cannot have any contact with her until she turns eighteen years of age, unless he meets the conditions set forth in the order. He also argues the order interferes with his constitutional right to have parenting time.

In general, parents have a constitutionally protected right to enjoy a relationship with their children and to raise them without State interference. N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 102 (2008). However, this right is not absolute, as it is limited by the "State's parens patriae responsibility to protect children whose vulnerable lives or psychological well-being may have been harmed or may be seriously endangered by a neglectful or abusive parent." N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 447 (2012). Yet, notwithstanding the State's responsibility to protect children, a party's parental rights cannot be eliminated unless, following a trial and the implementation of other procedural protections, the State proves the four factors in N.J.S.A. 30:4C-15.1 by clear and convincing evidence.[1]

---

[1] These four factors are:

> (1) The child's safety, health, or
> development has been or will continue to be
> endangered by the parental relationship;

(continued)

A-5488-15T1

Here, by entering an order prohibiting the father from having any contact with his daughter until she turns eighteen, the court effectively terminated the father's parental rights, and did so without affording him the due process protections to which he is entitled. Before a parent's rights to his or her child can be terminated by the court, among other things, a parent is required to be served with a petition to terminate his or her parental rights and to be provided with counsel, if the parent is eligible. A trial must be conducted, during which the State bears the burden of proving all of the factors in N.J.S.A. 30:4C-15.1 by clear and convincing evidence. In this matter,

---

(continued)

> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause serious and enduring emotional or psychological harm to the child;
>
> (3) The division has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and
>
> (4) Termination of parental rights will not do more harm than good.

5

none of these measures was implemented.  Defendant did not receive the benefit of the "comprehensive . . . judicial and legislative mechanisms . . . in place to gauge whether a parent's right to his child should be severed permanently . . . ."  <u>N.J. Div. of Youth & Family Servs. v. I.S.</u>, 202 N.J. 145, 151 (2010).

The subject order does provide that if the father meets certain conditions, he may be able to see the child before she turns eighteen.  However, unless the father prevails on a motion to obtain parenting time, he may not have any contact with her.  Thus, the provision prohibiting the father from contacting the child is tantamount to terminating his parental rights and, for the reasons stated, such provision is impermissible under the law.

We recognize that, during his daughter's childhood, the father may not make an effort to or cannot overcome his mental health challenges to the extent he would not place his daughter at risk were he to see her, even in a supervised setting.  In that case, as a practical matter he would not be able to see his daughter until she were an adult.  But he may not be prohibited from ever seeing his daughter on the basis of his conduct, despite how reprehensible it was, unless his parental rights are terminated in accordance with the law.  Accordingly, we reverse

and vacate the provision in the order that bars him from seeing his daughter until she turns eighteen.

The father next argues the paragraph in the order that requires he comply with Dr. Gordon's recommendations and show a change in circumstances before he may have parenting time unduly interferes with his right to see his child. In general, parenting time between a child and parent is "the presumptive rule." V.C. v. M.J.B., 163 N.J. 200, 228 (2000). However, parenting time may be denied if a parent poses a risk of harm to the child. See Wilke v. Culp, 196 N.J. Super. 487, 503 (App. Div. 1984). Given the father's egregious behavior toward the child, this matter is one of those cases.

The father brutally beat and inflicted significant injuries upon his six-week old daughter, and suffers from very serious mental health problems. Under these particular facts, the court did not violate the father's due process rights because it conditioned the father's eligibility for parenting time upon adhering to Dr. Gordon's recommendations. The fundamental purpose of Title Nine is to protect a child's safety, see N.J. Div. of Youth & Family Servs. v. J.D., 417 N.J. Super. 1, 21 (App. Div. 2010), and N.J.S.A. 9:6-8.55 specifically authorizes the court to impose protections for the benefit of a child, including ordering that a parent have no contact with a

particular child.  N.J.S.A. 9:6-8.55(a).  In sum, we discern no basis to disturb this provision of the court's order conditioning the father's parenting time.

Affirmed in part and reversed in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION